**In the MATTER OF: Mark J. PIZUR, Respondent**

**Supreme Court Case No. 49S00–1612–DI–631**

Supreme Court of Indiana.

FILED October 12, 2017

Published Order Approving Statement
of Circumstances and Conditional
Agreement for Discipline

Loretta H. Rush, Chief Justice of Indiana

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** Respondent was employed with the Office of Corporation Counsel ("OCC") for the City of Indianapolis. In November 2015, Indianapolis Animal Care and Control ("ACC") inspected a kennel belonging to Paul Upton and later removed dogs from the kennel. The following month, approximately 14 puppies were born from dogs seized by the City, and at least five of those puppies died.

In January 2016, a reporter sought information from ACC regarding the status of the puppies. In response, Respondent sent an email to the reporter, stating that Upton did not notify ACC or the City that any of the dogs were pregnant, and the reporter published a story quoting Respondent's statement.

At a hearing in March 2016, Upton apprised the court of Respondent's inaccurate statement to the reporter. Respondent falsely advised the court he had been misquoted and that he had actually told the reporter ACC had been unable to determine if any dogs were pregnant.

In April 2016, Upton submitted a public records request to OCC seeking emails between Respondent and the reporter during the dates at issue. Prior to responding to the request, Respondent altered the email in question by deleting the statement that had been quoted in the reporter's article. The altered email then was provided to Upton.

Later in April 2016, Upton received from the news outlet a certified copy of the unaltered email from Respondent, which revealed that the email provided by OCC to Upton had been altered. Upton then filed a series of motions to remove OCC from the case, which led to Respondent withdrawing his appearance and acknowledging the email alteration.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.3(a)(1): Knowingly making a false statement of fact to a tribunal.

4.1(a): Knowingly making a false statement of material fact to a third person in the course of representing a client.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a 180–day suspension with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning November 22, 2017.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in

effect, Respondent shall be automatically reinstated to the practice of law, subject.to the conditions of Admission and Discipline Rule 23(18)(a).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.